UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

CHARLES EDWARD FRACTION,                    Civil File No. 07-3777 (DSD/JSM)

      Petitioner,

      v.                                                                   **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

      Respondent.

_____

      This matter is before the undersigned United States Magistrate Judge on Charles

Edward Fraction's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus

by a person in State Custody [Docket No. 5].  The case has been referred to this Court

for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.    BACKGROUND

      Petitioner was charged in Clay County, Minnesota with 1) racketeering; 2) third-

degree controlled-substance crime; 3) second-degree controlled-substance crime; 4)

fifth-degree possession of ecstasy; and 5) conspiracy to commit third-degree controlled-

substance crime.  See State v. Fraction, No. A05-1756, 2007 WL 92661 at *1 (Minn. Ct.

App. Jan. 16, 2007), rev. denied March 28, 2007.  A jury found Petitioner guilty on all

counts.  Id.  The state moved for an upward durational departure from the presumptive

sentencing guidelines, and the district court submitted five aggravating factors to the

jury.  Id.  The jury found that four of the five factors were applicable.  Id.  The trial court

sentenced Petitioner to 156 months for the racketeering conviction, which was a

departure on the racketeering offense based on a severity of level 9, with a criminal

history of 2.  See Appendix to Respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus ("Appx.") at 10 (Appellant's Brief to Minn. Ct. of Appeals ("App. Brief")) at 11.  Petitioner was concurrently sentenced to 66 months for the third-degree controlled-substance crime, 78 months for the conspiracy to commit third-degree controlled-substance crime conviction, 156 months for the second-degree controlled-substance crime and 34 months for the fifth-degree possession of ecstasy conviction. Id.

Following his conviction, Petitioner filed a direct appeal to the Minnesota Court of Appeals that presented several grounds for relief.  Specifically, Petitioner argued that the evidence submitted was insufficient as a matter of law to justify his convictions for racketeering, second-degree controlled-substance crime, and conspiracy to commit third-degree controlled-substance crime.  See Appx. at 26-33 (App. Brief).  In particular, Petitioner contended there was no evidence that he was involved in the sale of narcotics as outlined in the charge for second-degree controlled-substance; the state failed to show a conspiracy as it pertained to the conspiracy to commit third-degree controlled-substance charge; and the state failed to prove up the elements required for a racketeering offense under Minnesota law.  Id.  Petitioner also argued that the trial court erred, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), when it held a separate jury proceeding regarding his sentencing that resulted in a longer prison sentence than the presumptive sentencing guidelines.  Id. at 34.  In addition, Petitioner asserted that the trial court violated Minnesota jurisprudence when it increased his criminal score.  Id. at 40-43.  Finally, Petitioner maintained that the trial court violated

Blakely, when it made a determination of the severity level of his racketeering offense based the court's findings of fact.  Id. at 43-45.

Petitioner also submitted a pro se supplemental brief which raised the following errors: (1) juror bias in violation of his rights to a fair trial and due process under the Fifth, Sixth and Fourteenth Amendment; (2) the failure of the judge to issue a cautionary instruction to the jury regarding accomplice testimony violated his Sixth Amendment rights; (3) the accomplice testimony used against him was uncorroborated in violation of Minnesota law; and (4) the state failed to prove the elements required for his racketeering conviction, thereby violating his Sixth Amendment right to a fair trial and his Fifth and Fourteenth Amendment right to due process.[1]  See Appx. at 88-104 (App. Pro Se Brief).

The Minnesota Court of Appeals held that there was sufficient evidence pursuant to Minnesota law to support Petitioner's conviction for racketeering, second-degree controlled-substance offense and conspiracy to commit third-degree controlled-substance offense.  See Fraction, 2007 WL 92661 at *2-5.  The appellate court found no Blakely violation.  Id. at *6-7.  The only pro se issues addressed by the court were juror bias, accomplice corroboration and the accomplice testimony instruction, and the court affirmed the trial court as to these issues.  Id. at *9-10.  No mention was made by the appellate court in its decision to Petitioner's constitutional challenges to any of the errors raised by him, including his constitutional challenge to the racketeering conviction.  Id. at *3-5.

---

[1]     Petitioner submitted a Reply Brief and a Pro Se Reply Brief to the Minnesota Court of Appeals that did not address any federal claims, save for sentencing.  See Appx. 329-31 (App. Reply Brief), 356-58 (App. Pro Se Reply Brief).

Petitioner requested that the Minnesota Supreme Court review the Court of Appeals' decision.  <u>See</u> Appx. at 219-20 (Petition for Review of Court of Appeals Decision).  Specifically, Petitioner asked that "[r]eview of this case is [sic] should be granted for each of the issues addressed by the Court of Appeals."  <u>Id.</u> at 222.  He then stated that the following areas particularly merited review: (1) whether an enterprise for the purposes of a racketeering charge under Minnesota law can be established based on a friendship or relative status; and (2) the application of <u>Blakely</u> to departures from the presumptive sentences for crimes.  <u>Id.</u> at 222-24.  Relying solely on Minnesota law, the Petition for Review made no mention of any federal constitutional grounds, federal statutes or federal case law in support of the request for review of the racketeering conviction.  <u>Id.</u> at 222-23.  While not required by Minnesota Rules of Criminal Procedure 29.04, Subd. 3 or Minnesota Rules of Civil Appellate Procedure 117, Subd. 3, the rules that govern the contents of a petition for review to the Minnesota Supreme Court,[2] Petitioner included in his appendix his briefs to the Court of Appeals for the purpose of providing more detailed facts to the Supreme Court.  <u>See</u> Appx. at 220 n. 2.  On March 28, 2007, the Minnesota Supreme Court denied Petitioner's application for further review of his conviction and sentence.

---

[2]       Minn. R. Crim. P. 29.04, subd. 3(7) states that the appendix shall contain "a copy of the written decision of the Court of Appeals and a copy of any recitation of the essential facts of the case, conclusions of law, and memoranda relating thereto from the trial court."  Minn. R. Civ. App. P. 117, subd. 3 states that "[t]he appendix shall contain the decision and opinion of the Court of Appeals, the judgments, orders, findings of fact, conclusions of law, and memorandum decisions of the trial court or administrative agency, pertinent trial briefs, and any portion of the record necessary for an understanding of the petition."  Both the Rules of Criminal Procedure and the Rules of Civil Appellate Procedure provide that the civil appellate rules shall govern the procedure in the Supreme Court in criminal appeals so long as the rules are not inconsistent with the Rules of Criminal Procedure.  <u>See</u> Minn. R. Civ. App. P. 101.01; Minn. R. Crim. P. 29.01, Subd. 2.

Petitioner commenced this action by filing a Petition for Habeas Corpus 28 U.S.C.A. § 2254(a)(A)(1)(B), setting forth four claims for relief.  See Docket No. 1. Because the first three claims did not appear to have been fairly presented to and decided on the merits by the Minnesota state courts, this Court issued an Order requiring Petitioner to address the viability of these claims.  See August 27, 2007 Order [Docket No. 3].  Petitioner was given twenty days from the Court's Order to file an affidavit outlining his attempts to exhaust, to file an amended petition presenting only fully exhausted claims, or to commence a new action after he had exhausted his state court remedies for every claim he sought to pursue in federal court.  Id.  On September 13, 2007, Petitioner filed an Amended Petition for Writ of Habeas Corpus that is the subject of the present Report and Recommendation.  See Docket No. 5.

Petitioner's current habeas corpus petition lists four grounds for relief:

(1)    The state violated his Fifth Amendment right to due process and Sixth Amendment right to a fair trial because the evidence submitted against him as to his Second Degree Controlled Substance conviction was insufficient as a matter of law.

(2)    The state violated his Fifth Amendment right to due process and Sixth Amendment right to a fair trial because the evidence submitted against him as to his conspiracy to commit third-degree controlled-substance conviction was insufficient as a matter of law.

(3)    The state violated his Fifth Amendment right to due process and Sixth Amendment right to a fair trial because the state failed to prove all of the elements required for a racketeering charge.

 (4)    The trial court violated his Fifth Amendment right to due process and Sixth Amendment right to a fair trial by holding separate jury proceedings regarding sentencing that was "contrary to statute" and resulted in a longer prison sentence than the presumptive sentence.

See Petition, pp. 4-6, ¶ 12, Grounds One - Four.

In response, Respondent maintained that Petitioner's claims that his Fifth Amendment right to due process and Sixth Amendment right to a fair trial were violated as to his second degree controlled substance, conspiracy to commit third-degree controlled-substance and racketeering convictions (Grounds One through Three) were procedurally barred because he had failed to alert the Minnesota Supreme Court to the federal nature of these claims.  See Memorandum in Opposition to Petition for Writ of Habeas Corpus ("Resp. Mem.") at pp. 5-8 [Docket No. 9].  As to Ground Four, Respondent asserted that the procedure used to reach the upward departure in Petitioner's sentence was proper under the United States Supreme Court's decision in Blakely.  Id. at pp. 8-10.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs a federal court's review of habeas corpus petitions filed by state prisoners.  Section 2254 of the AEDPA provides that a district court will entertain a petition for writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 68 (1991)("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

In addition, 28 U.S.C. § 2254 provides that a habeas corpus petition:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Here, Petitioner does not explicitly state whether he was proceeding under 28 U.S.C. § 2254(d)(1) or (2). Under the "contrary to" clause of § 2254(d)(1), the writ may be granted if the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (citing Williams v. Taylor, 529 U.S. 362 (2000)). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identified the correct governing legal principle, but unreasonably applied that principle to the facts of the prisoner's case. See Copeland, 232 F.3d at 973.

Under § 2254(d)(2), a state court decision involves "an unreasonable determination of the facts in light of the evidence presented in state court proceedings," only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1);[3] see also Boyd v. Minnesota, 274 F.3d 497, 501 n. 4 (8th Cir. 2001) ("There is sufficient record evidence to support such a

---

[3]     28 U.S.C. § 2254(e)(1) states: "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

finding and, thus, it would not constitute an unreasonable determination of the facts in light of the evidence presented at trial.").

Before a petitioner may present claims in a federal habeas petition, he must first exhaust his state court remedies; he "does so by fairly presenting his federal constitutional claims to the highest available state court." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). A claim is unexhausted if the claim has not been fairly presented in one complete round of the State's established appellate review process, O'Sullivan, 526 U.S. at 845, but the petitioner has the right, under state law, to raise the claim by any available procedure. See 28 U.S.C. § 2254(c).[4] Therefore, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the Minnesota Supreme Court), before seeking relief in federal court. These requirements are based on the principles of comity and federalism; their purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. See O'Sullivan 526 U.S. at 844.

In addition, in order to exhaust his state court remedies and to insure that a federal claim has been fairly presented, the petitioner must refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). "Ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as

---

[4]     28 U.S.C. § 2254(c) states: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004).  Even if the opinion of the state court of appeals does not make any mention of a federal claim, a brief submitted to that court that sets forth the federal constitutional basis for a claim can satisfy the requirement that the petitioner "apprise the state court of his claim that the . . . ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." Dye v. Hofbauer, 541 U.S. 1, 4 (2005) (quoting Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)).

     If a petition contains claims that have not been exhausted, the court must then determine if those claims are procedurally defaulted, meaning that the petitioner would be precluded by state law from pursuing his state court remedies.  A constitutional claim is procedurally defaulted if the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (1976).  However, there are two exceptions to the Knaffla rule:  First, if a claim is known to the petitioner at the time of an appeal but is not raised, it will not be barred if its novelty was so great that its legal basis was not reasonably available when the direct appeal was taken; and second, even if the claim's legal basis was sufficiently available, when fairness so requires the review and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. See Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006) (citations omitted).

If the court determines that a petitioner has not exhausted his claims in state court and is procedurally precluded from doing so, federal habeas review is barred unless he can demonstrate cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v., 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him. . . . For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard.'" Id. at 753 (citations omitted). "To demonstrate prejudice, a petitioner must show, 'not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Thomas v. Norris, No. 5:04cv00367 JWC, 2007 WL 2351002 at *9 (E.D. Ark. 2007) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original), citing Carroll v. Schiro, 243 F.3d 1097, 1102 (8th Cir. 2001)); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (same); Jennings v. Purkett, 7 F.3d 779, 782 (8th Cir. 1993) (same). Prejudice need not be considered where petitioner has failed to fulfill the "cause" prong of the test. McCall, 114 F.3d at 758. The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person. Id. In order to establish this exception, the petitioner must show, "based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161

(1996) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)); <u>see</u> <u>also</u> <u>Johnson v. Norris</u>, 170 F.3d 816, 817-18 (8th Cir. 1999) (quoting same))  ("To benefit from this exception to the principle of procedural bar, Ms. Johnson must produce 'new reliable evidence . . . not presented at trial,' that is so forceful that 'it is more likely than not that no reasonable [trier of fact] would have convicted [her] in the light of the new evidence.'").

If a petitioner is unable to show cause and prejudice, or a miscarriage of justice, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim.  <u>Carney v. Fabian</u>, 441 F. Supp.2d 1014, 1029 (D. Minn. 2006).

With these principles in mind, the Court now addresses the four grounds for relief stated in the Amended Petition.

### A.   <u>Grounds One and Two</u>

 In Grounds One and Two of the Amended Petition, Petitioner alleged that the State violated his Fifth and Sixth Amendment rights to a fair trial and due process because the evidence submitted against him at trial was insufficient as a matter of law to support second-degree controlled-substance and conspiracy to commit third-degree controlled-substance convictions.  However, Petitioner never stated in his appeal to the Minnesota Court of Appeals or the Minnesota Supreme Court that these convictions violated his right to due process or right to a fair trial under the United States Constitution, nor did the Minnesota Court of Appeals address or make any constitutional rulings in its findings.  <u>See</u> Appx. at 26-33 (App. Brief); Appx. at 88-104 (App. <u>Pro Se</u> Brief); <u>Fraction</u>, 2007 WL 92661 at *2-5.  Because no federal issues were ever presented to the Minnesota Court of Appeals or Minnesota Supreme Court as it related

to Grounds One and Two of the Amended Petition, this Court concludes that Petitioner has failed to exhaust his state court remedies on these claims.

This Court also finds that Petitioner has procedurally defaulted on these claims, and he has not satisfied the requirements to excuse the procedural default.

Under Minnesota law, Petitioner is precluded from returning to state court to raise a federal constitutional claim after a direct appeal where there is no evidence his federal claims were unknown or were so novel that their legal basis was unknown at the time of direct appeal.  See McCall, 114 F.3d at 757-58 (citing Knaffla, 243 N.W.2d at 737) (finding that once the petitioner has directly appealed his sentence "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."), It is evident by Petitioner's insufficiency of evidence claims in his appeal to the Minnesota Court of Appeals and his due process and fair trial claim asserted in his pro se appellate brief regarding his racketeering conviction, that Petitioner could have raised to the Minnesota Court of Appeals and the Minnesota Supreme Court a Fifth Amendment right to due process and Sixth Amendment right to a fair trial claims related to his assertions that there was insufficient evidence to support his second-degree controlled-substance and conspiracy to commit third-degree controlled-substance convictions.  Further, neither of the two exceptions to the Knaffla rule apply.  There is nothing in the record to suggest that these constitutional claims were so novel that they were not reasonably available when the direct appeal was taken, or that Petitioner did not deliberately and inexcusably fail to raise the constitutional claims on direct appeal, and that fairness requires a review.

Additionally, Petitioner has provided this Court with no evidence of cause or prejudice for the default.  There has been no showing that the factual or legal basis for his constitutional arguments with respect to his second-degree controlled-substance and conspiracy to commit third-degree controlled-substance convictions were not reasonably available to Petitioner or that anyone interfered with his ability to assert such arguments.  See Coleman, 501 U.S. at 753 (citations omitted).  Nor has Petitioner shown that the alleged errors in his trial with respect to these convictions infected his entire trial with error of constitutional dimensions.  Finally, Petitioner did not provide any new evidence to suggest his innocence in order to make out a "fundamental miscarriage of justice."  Therefore, Petitioner's procedural default as to Grounds One and Two of his Amended Petition is not excused, and these claims should be dismissed with prejudice.

**B.**     **Ground Three**

In Ground Three, Petitioner alleged that the State violated his Fifth and Sixth Amendment rights to a fair trial and due process because it failed to prove all of the elements required for a racketeering conviction.   Unlike Grounds One and Two, Petitioner did raise a similar constitutional challenge to his racketeering conviction in his pro se brief to the Minnesota Court of Appeals.  However, Petitioner made no mention of the constitutional grounds for his challenge to the racketeering conviction in his Petition for Review to the Minnesota Supreme Court.    Instead, Petitioner limited his request for review to the "each of the issues addressed by the Court of Appeals" (which made no mention of any constitutional challenge), and discussed only state law in connection with the racketeering conviction.  See Appx. at 222-23 (Petition for Review of Court of Appeals Decision).  Further, while Petitioner did attach his briefs to the Court

of Appeals (including his <u>pro se</u> brief), he referred the Minnesota Supreme Court to these briefs only for a more detailed description of the Statement of Facts.  <u>Id.</u> at 220 n. 2.

Based on these facts, this Court finds that Petitioner did not fairly present his federal constitutional claims to the Minnesota Supreme Court, before seeking relief in federal court as to Ground Three of the Amended Petition.

As stated previously, the United States Supreme Court has held that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  <u>Baldwin</u>, 541 U.S. at 32.  In reaching this decision, the Supreme Court began its analysis by assuming that "the petition by itself did not properly alert the Oregon Supreme Court to the federal nature of Reese's claim," and then based on that assumption, concluded that "Reese failed to meet the 'fair presentation' standard."  <u>Id.</u> at 30-31.  The Court reasoned that even if review of the appellate court's decision would have alerted the Oregon Supreme Court to the federal nature of Reese's claims, "federal habeas corpus law does not impose such a requirement" to review the decision <u>Id.</u> at 31.  Additionally, the Court indicated "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  <u>Id.</u> at 32.

Based on the principles enunciated in <u>Baldwin</u>, another court in this District, on facts very similar to the instant case, found that the petitioner had not properly presented his federal claims in state court proceedings and therefore, he had not fully exhausted his state court remedies. <u>See</u> <u>Voss v. Minnesota</u>, No. Civ. 05-697 (ADM/AJB), 2006 WL 1821231 (D. Minn. May 10, 2006) (Report and Recommendation), <u>aff'd</u> 2006 WL 1806489 (D. Minn. June 29, 2006)).[5] The analysis provided by the court is directly on point here:

> The petition for review of decision of the court of appeals contains no citation to federal case law in any regard whatsoever, and no claims are expressly described as federal claims. In addition, referral to the court of appeals opinion would not have served to alert the supreme court to uniquely federal issues because the court of appeals decision was not based upon federal law and the opinion did not cite or rely upon federal cases. (footnote omitted). The court acknowledges that fair presentation of federal claims is not conditioned upon the appellate court having actually addressed federal issues. <u>Allen v. Hofbauer</u>, --- U.S. ----, 126 S.Ct. 5, 163 L.Ed.2d 1 (2005). Nonetheless, if a higher appellate court is not required to review the lower court decision in search of federal claims, the higher court certainly cannot be expected to scour materials submitted to the lower court for the purpose of locating federal issues. Also, it does not seem that it would be at all burdensome to an appellant to provide a rudimentary explanation of the federal nature of the claim, and it is not unreasonable for the higher state court to expect that an appellant who arguably sought review of federal claims in an initial appeal would simply reassert the federal nature of his claims in a petition

---

[5]  The petitioner in <u>Voss</u> alleged that he was convicted on the basis on insufficient evidence because the state failed to prove beyond a reasonable doubt that he sold more than ten grams of methamphetamine. <u>Voss</u>, 2006 WL 1821231 at *1. Respondent asserted that the petition should be dismissed because Voss had not properly presented his federal claims in state court and therefore, he had not exhausted his state court remedies. <u>Id.</u> Voss contended that his claim raised a federal issue and that this issue was sufficiently presented to the state courts through the reference in his petition for supreme court review to his citation to two particular federal cases in his brief to the Minnesota Court of Appeals. <u>Id.</u> at *2.

for further review. In this case the Minnesota Supreme Court
was not alerted to federal issues. The federal claims that are
now alleged have not been exhausted and this action should
therefore be dismissed.

Id. at *2.   The District Court affirmed the Report and Recommendation, stating "a
prisoner has not made a fair presentation to a state court if the court is required to read
outside the petition to discover the existence of such a federal claim."  Voss, 2006 WL
1806489 at *2 (citing Baldwin, 541 U.S. at 30).

This Court reaches the same conclusion here as was reached in Voss.  There is
nothing in the Petition of Review to the Minnesota Supreme Court that would have
alerted that court to Petitioner's claim that he was challenging his racketeering
conviction based on the Fifth and Sixth Amendments to the federal Constitution.  First,
Petitioner limited his request for review to the "each of the issues addressed by the
Court of Appeals" (which made no mention of any constitutional challenge), and
discussed only state law in connection with the racketeering conviction.  See Appx. at
222-23 (Petition for Review of Court of Appeals Decision).   Second, he made no
reference in the Petition for Review to a specific federal constitutional right, a particular
constitutional provision, a federal constitutional case, or a state case raising a pertinent
federal constitutional issue.  See McCall, 114 F.3d at 757.  Third, while he did attach his
briefs to the Court of Appeals (including his pro se brief), Petitioner referred the
Supreme Court to these briefs only for a more detailed description of the Statement of
Facts.  Id. at 220 n. 2.  Finally, if the Minnesota Supreme Court had read the Court of
Appeals decision, which it was not required to do, it would have found no mention or
discussion of any constitutional challenge to the racketeering conviction.  Short of
combing through Petitioner's pro se brief to the Court of Appeals, the Minnesota

Supreme Court had no basis to know that Petitioner was seeking a review of

racketeering conviction based on federal constitutional law.[6]   Having failed to fairly

present his federal constitutional challenge to the Minnesota Supreme Court, this Court

---

[6]     This Court acknowledges that other colleagues in this District have concluded that because the civil appellate rules governing a request for review to the Minnesota Supreme Court allow the appendices attached to the petition to include the petitioner's brief to the Minnesota Court of Appeals (which did raise federal issues), then the petitioner has fairly presented "the federal nature of his claims if the federal nature of the claims appears in the appendices."   Kachina v. Minnesota, Civil No. 06-3661 (ADM/JJG) 2008 WL 2510156 at *11 (D. Minn. June 19, 2008) (quoting Thibodeau v. Carlson, Civil No. 06-458 (JNE/SRN), 2007 WL 4372960, *3 (D. Minn. Dec. 6, 2007), citing Insyxiengmay v. Morgan, 403 F.3d 657, 668-69 (9th Cir. 2005)).  In both Kachina and Thibodeau, the courts relied on the rules governing civil appeals, in particular Rule 117, subd. 3, which permits the inclusion in the appendix "any portion of the record necessary for an understanding of the petition."  See Kachina, 2008 WL 2510156 at *10 n. 5.   This language is not included in Minn. R. Crim. P. 29.04, subd. 3(7), which governs the appendix to be attached to a petition for review to the Minnesota Supreme Court in criminal cases.  As an initial matter, this Court questions the appropriateness of looking to civil appellate rules for the contents of the appendix when Rule 29 of the Criminal Rules of Procedure explicitly limits the appendix to the written decision of the Court of Appeals and "a copy of any recitation of the essential facts of the case, conclusions of law, and memoranda relating thereto from the trial court."  Minn. R. Crim. P. 29.04, Subd. 3(7).  More importantly, however, even if inclusion in the appendix of the pro se briefs to the Court of Appeals amounted to "incorporation" of these materials into the petition, Baldwin precludes the conclusion that Petitioner has fairly presented the federal nature of his claims to the Supreme Court.  Both Minn. Civ. R. App. P. 117 and Minn. R. Crim. P. 29.04, subd. 3(7) require inclusion of the Court of Appeals decision in the appendix.  Yet, Baldwin expressly held that a habeas petitioner cannot rely on a lower court's opinion to present the federal nature of the claim to the state's highest court as that court has no obligation to read the lower court opinion.  See Baldwin, 541 U.S. at 32.  If reliance on the lower court opinion does not meet the requirement of fairly presenting a claim to a state court, then reliance on briefs submitted to the lower court cannot meet the requirement.  Finally, to the extent that the court in Kachina pointed to the language of Baldwin indicating that a statement of federal claims can be presented in "petition or a brief (or a similar document)" to support its conclusion that the briefs to the court of appeals satisfied this requirement, this Court interprets this phrase differently.   When this phrase is read in the context of the Supreme Court's observation that "a litigant can easily indicate the federal law basis for his claim in a state-court petition or brief," Baldwin, 541 U.S. at 32, this Court construes the reference to a "brief" to a brief, like the petition for review, that was directed to the highest court, and not lower court briefs that were attached to that submission.

finds that Petitioner did not exhaust his state court remedies as to Ground Three of his Petition.

Like Grounds One and Two, this Court finds that Ground Three is procedurally defaulted, and must be dismissed because Petitioner has failed to can show cause and prejudice for the default or actual innocence, or a fundamental miscarriage of justice.  It is evident from his direct appeal to the Minnesota Court of Appeals, where Petitioner alleged in relation to the racketeering conviction both Fifth Amendment due process and Sixth Amendment fair trial violations, that Petitioner could have raised made these same constitutional challenges to the Minnesota Supreme Court.  Further, neither of the two exceptions to the Knaffla rule apply.  There is nothing in the record to suggest that these constitutional claims were novel, or that fairness requires a review and that Petitioner did not deliberately and inexcusably fail to raise them to the Minnesota Supreme Court. Lastly, there is no basis for excusing the procedural default of these constitutional claims.  Petitioner provided this Court with no facts to support cause or prejudice for the default, nor did he submit any new evidence to suggest his innocence in order to make out a "fundamental miscarriage of justice".  For all of these reasons, Ground Three should be dismissed.

In the alternative, even a court were to find that Petitioner's attachment of his pro se appellate brief to his petition for review to the Minnesota Supreme Court constituted proper exhaustion of Ground Three, this Court denies Ground Three on its merits.[7]

---

[7]     As discussed, in Baldwin, the United State Supreme Court held that "[o]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."   541 U.S. at 32.   A year later, the Supreme Court addressed another

exhaustion case, <u>Dye v. Hofbauer</u>, 546 U.S. 1 (2005).  In <u>Dye</u>, the petitioner had been convicted in state court in Michigan on murder and possession of a firearm during commission of a felony.  <u>Id.</u>, at 2.   The Michigan Court of Appeals upheld the convictions on direct review, and further review was denied by the Supreme Court of Michigan.  <u>Id.</u> (citations omitted).  Petitioner filed a federal habeas petition alleging various constitutional claims, including prosecutorial misconduct, which was denied by the federal district court.  The Sixth Circuit reversed the denial of the habeas petition finding "that the prosecutor's misconduct was of a sufficient magnitude to violate Dye's right to due process of law."  <u>Dye v. Hofbauer</u>, 45 Fed.Appx. 428 (6th Cir. 2002) ("<u>Dye I</u>").  Subsequently, the Sixth Circuit granted a motion for hearing brought by respondent. <u>Dye v. Hofbauer</u>, 111 Fed. Appx. 363 (6th Cir. 2004) ("<u>Dye II</u>").  In <u>Dye II</u>, the Six Circuit concluded its prior ruling could not be sustained because the record failed to establish that the prosecutorial misconduct claim had been raised in state court as "a violation of federal constitutional law and, therefore, it cannot constitute the basis for relief under 28 U.S.C. § 2254."  <u>Id.</u> at 364.  The Sixth Circuit reached this result based on the fact that there was no mention of any federal constitutional violation in the decision of the Michigan Court of Appeals, and the brief filed by petitioner in his direct appeal to the Michigan Court of Appeals was not in the record so the court had no way to determine how he had framed his issue to the state court.  <u>Id.</u>  The Supreme Court reversed the Sixth Circuit's decision, holding that the Court of Appeals was wrong to base its decision on the opinion of the state appellate court which made no mention of a federal claim. <u>Dye</u>, 546 U.S. at 3.  The Supreme Court also located petitioner's brief to the Michigan Court of Appeals in the record before the federal district court which showed that petitioner had raised to the Michigan Court of Appeals the federal constitutional challenges that were set out in his habeas petition.  <u>Id.</u>  The Supreme Court then stated the following:

> This is not an instance where the habeas petitioner failed to "apprise the state court of his claim that the ... ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." <u>Duncan v. Henry</u>, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam). Nor is this a case where a state court needed to look beyond "a petition or a brief (or a similar document)" to be aware of the federal claim. <u>Baldwin v. Reese,</u> 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The state-court brief was clear that the prosecutorial misconduct claim was based, at least in part, on a federal right. It was error for the Court of Appeals to conclude otherwise.

<u>Id.</u> at 4.

   At first blush, <u>Dye</u> would seem to suggest that constitutional claims raised in a brief to the Minnesota Court of Appeals is sufficient to meet the requirement for

In Ground Three, Petitioner alleged that the state violated his Fifth Amendment right to due process and Sixth Amendment right to a fair trial because the evidence was insufficient as a matter of law to justify his conviction for racketeering.  In support of this claim, Petitioner stated the following:

> In considering sufficiency of the evidence therefore, this Court must focus on whether the state has proved a system of "organized crime"[,] not on whether there was "ordinary run of the mill criminal activity["].  In this case the State acknowledge[d] that appellant was not part of a legal enitity [sic].  Instead, it argued that it was an association in fact.  But it is this kind of situation the Supreme Court has warned, that the danger of RICO being expanded into enhancement statute for recidivist[,] is the greatest.  The State claimed the common purpose here was to sell crack cocaine.  The state[']s case against Fraction was insufficient because the State failed to prove all the requirements for Racketeering.

Petition, ¶ 12(D).

According to the United States Supreme Court, the critical inquiry in reviewing the sufficiency of the evidence for a criminal conviction is:

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.  But this inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

---

exhaustion.  However, Dye did not address the situation presented here or in Baldwin – where the petition for review to the state's highest court (in Dye, the Michigan Supreme Court; here the Minnesota Supreme Court) did not make any mention of the federal constitutional basis for Petitioner's claim.  Thus, this Court concluded that Dye did not bear on the issue presented in this case, which is whether Petitioner had properly alerted the Minnesota Supreme Court to the federal nature of his claim.  That said, in an abundance of caution, this Court has decided to address the merits of Ground Three, in case its analysis of Baldwin and Dye is challenged.

Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (quoting Woodby v. INS, 385 U.S.

276, 282 (1966)) (emphasis in original).

Consistent with this articulation of our role in a habeas case by the Supreme

Court, the Eighth Circuit has described the standard of review of insufficiency of the

evidence claims as follows:

> Our standard of review is as narrow as it is well-established:
> This court must view the evidence in the light most favorable
> to the government and sustain the verdict if it is supported by
> substantial evidence.  Moreover, on appeal, the government
> must be given the benefit of all inferences that may logically
> be drawn from the evidence.  It is not necessary that the
> evidence exclude every reasonable hypothesis except guilt;
> instead, the evidence is simply sufficient if it will convince a
> trier of fact beyond a reasonable doubt that the defendant is
> guilty.  This court will not disturb a conviction if the evidence
> rationally supports two conflicting hypotheses.  Each of the
> elements of the crime charged may be proven by
> circumstantial evidence, as well as by direct evidence.  And
> finally, this court must keep in mind that the standard to be
> applied to determine the sufficiency of the evidence is a strict
> one, and the finding of guilt should not be overturned lightly.

Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996) (quoting United States v. Brown, 921

F.2d 785, 791 (8th Cir. 1990)).  "Our function as an appellate court is not to re-weigh the

evidence.  To the contrary, we must accord 'great deference' where a state appellate

court has found the evidence supporting the conviction constitutionally sufficient," as is

the case here.  Id. (citations omitted); see also Blair-Bey v. Nix, 44 F.3d 711, 713 (8th

Cir. 1995) (finding that, in evaluating claims that the evidence was insufficient to find

guilt, courts must examine "whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt"); Redding v. State, 881 F.2d 575,

578 (8th Cir. 1989) (holding that in "evaluating sufficiency of the evidence in habeas

corpus petitions, we view the evidence in the light most favorable to the prosecution and determine 'whether <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'") (citations omitted) (emphasis in original).

A person is guilty of racketeering under Minnesota law if the person is "employed by or associated with an enterprise and intentionally conducts or participates in the affairs of the enterprise by participating in a pattern of criminal activity."  Minn. Stat. § 609.903, subd. 1(1).  An "enterprise" is characterized under Minnesota law by: "1) a common purpose among the individuals associated with the enterprise; where 2) the organization is ongoing and continuing, with its members functioning under some sort of decisionmaking arrangement or structure; and where 3) the activities of the organization extend beyond the commission of the underlying criminal acts either to coordinate the underlying criminal acts into a pattern of criminal activity or to engage in other activities."  <u>See</u> <u>State v. Huynh</u>, 519 N.W.2d 191, 196 (Minn. 1994).  With regards to the third requirement, the "organization or structure must do more than just commit the predicate crimes; it must either coordinate the criminal acts into a pattern . . . or the organization must engage in other activities.  This assures an entity distinct from the predicate crimes."  <u>Id.</u> at 196 n. 7.  "Isolated, sporadic criminal acts do not count. The criminal acts must be related through a common plan or shared purpose, or alternatively, must be committed or promoted by persons associated with the enterprise."  <u>Id.</u>

On direct appeal, Petitioner did "not dispute that the members of the alleged enterprise had a common purpose under the first prong of <u>Huynh's</u> enterprise test."  <u>Fraction</u>, 2007 WL 92661 at *4.  Rather, he argued there was insufficient evidence to prove the second and third prongs of <u>Huynh's</u> enterprise test – <u>i.e.</u> the members had a

continuing and ongoing structure, and the activities of the group extended beyond the commission of the underlying criminal acts.  Id.

Here, in support of his contention that the evidence was insufficient to prove all of the elements for a racketeering conviction, Petitioner appeared to focus on whether the state had proven the third element – that he was engaged in a system of organized crime, as opposed to merely the underlying acts of selling crack cocaine.[8]

The conclusion of the Minnesota Court of Appeals was that the evidence[9] was legally sufficient to support the finding that the activities of the group in which Petitioner was involved extended beyond the mere commission of the predicate drug offenses. This Court agrees.  In particular, the group operated together for four years; the group

---

[8]     If Petitioner is also challenging the finding by the state courts of an enterprise based on an association-in-fact as opposed to a legal entity, this claim has no merit. See Petition, ¶ 12(D).  An "enterprise" is defined as "a sole proprietorship, partnership, corporation, trust, or other legal entity, or a union, governmental entity, association, or group of persons, associated in fact although not a legal entity, and includes illicit as well as legitimate enterprises."  Minn. Stat. § 609.902, subd. 3 (emphasis added).  The United States Supreme Court has found that the federal "RICO statute's definition of the term "enterprise" in § 1961(4) encompasses both legal entities and illegitimate associations-in-fact."  Russello v. United States, 464 U.S. 16, 24 (1983) (citing United States v. Turkette, 452 U.S. 576, 580-93 (1981)).  Indeed, "enterprise" is defined by RICO as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4) (emphasis added).  Therefore, the finding of an enterprise based on an association-in-fact as opposed to a legal entity by the state court, was neither contrary to, nor involved an unreasonable application of, clearly established Federal law.

[9]     In accordance with 28 U.S.C. § 2254(e)(1), the findings of fact made by the Minnesota trial and appellate courts are presumed correct unless rebutted by the Petitioner with clear and convincing evidence.  See, e.g., Perry v. Kemna, 356 F.3d 880 (8th Cir. 2004) (concluding that under § 2254(e)(1), a state court's findings of fact "are presumed to be correct absent 'clear and convincing evidence' to the contrary" presented by the petitioner); see also Sumner v. Mata, 449 U.S. 539, 547 (1981) (stating that "[s]ection 2254(d) by its terms . . . applies to factual determinations made by state courts, whether the court be a trial court or an appellate court").

sold crack cocaine on regular basis in one area for more than a year-and-a-half; group members systematically pooled their money to purchase crack cocaine; members of the group, including Petitioner, were the group's regular middlemen, facilitating the purchase of crack cocaine from suppliers; the group systematically divided the purchased crack cocaine for resale by all members of the group; the group centered its crack cocaine selling operation from one central location; members taught others how to sell crack cocaine; the group was in constant contact through the telephone; several members lived together and sold crack cocaine out their residences; and group members regularly bailed each other out. <u>Fraction</u>, 2007 WL 92661 at *4. These facts show that the group was organized for the long-term distribution of crack cocaine and for the purpose of assisting the group members in the execution of this distribution, separate from the predicate acts at issue.

Viewing the evidence in the light most favorable to the prosecution, this Court concludes that a rational trier of fact could have concluded that the "enterprise" element of the crime of racketeering under Minnesota law was proven beyond a reasonable doubt. Therefore, the conclusion that the evidence was legally sufficient to sustain Petitioner's conviction is not an unreasonable determination of the facts based on the evidence as a whole. <u>See</u> 28 U.S.C. § 2254(d)(2). Accordingly, Petitioner's claim for relief on this ground should be rejected.

### C.   <u>Ground Four</u>

Petitioner asserted in Ground Four that the state violated his Fifth Amendment right to due process and his Sixth Amendment right to a fair trial when it held a separate jury proceeding regarding his sentencing that resulted in a longer prison sentence than

what was set forth under Minnesota's presumptive sentencing guidelines. <u>See</u> Amended Petition at p. 6. Specifically, Petitioner asserted:

> The trial court erred by granting the motion to have a separate proceeding so that a jury could decide whether there were facts to support a longer sentence if appellant was found guilty. Fraction objected to this procedure. The district court however, granted the state's request and after the jury returned with its verdict, the court submitted special verdict forms to the jury regarding aggravating factors and it return [sic] for deliberation once more. Because the district court had no authority for this procedure it erred and Fraction sentence must be reversed. Under clear Minnesota law in effect at the time of Fraction trial, departures were to be based on findings of fact issued by the district court. The judge was required to impose the presumptive sentence unless the case involved substantial and compelling aggravating factors. When the legislature mandates that certain factual findings be made by a court a jury is without authority to consider the question or make the findings.

<u>Id.</u>

Petitioner bases this claim on his argument that the trial court violated his rights when it submitted the question of whether there were aggravating factors present, so as to support a sentence longer than those set forth by the guidelines, to a jury. Petitioner's argument is without merit. This decision was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). In <u>Blakely</u>, the United States Supreme Court found that the United States Constitution requires that a defendant has a right to have any fact that serves as the basis for increasing the penalty for a crime beyond the statutory guidelines ranges to be determined by a jury and proven beyond a reasonable doubt. <u>See</u> <u>Blakely v. Washington</u>, 542 U.S. 296, 303-04

(2004);[10] see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").  Instead of discouraging the use of juries to make findings pertaining to the upwards departure of a sentence, Supreme Court precedents require the involvement of a jury when it comes to findings of fact bearing on the enhancement of a sentence beyond the presumptive statutory guideline.  Therefore, Petitioner's Fourth Ground for relief should be denied, as this Court finds that the decision by the state trial court to hold a separate jury proceeding regarding Petitioner's sentencing that resulted in a longer prison sentence than what was set forth under the presumptive sentencing guidelines was neither contrary to, nor involved an unreasonable application of, clearly established Federal law.

## IV.    RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:  Charles Edward Fraction's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody [Docket No. 5] be **DISMISSED** with prejudice.

---

[10]    Blakely applies to the Minnesota Sentencing Guidelines.  See State v. Conger, 687 N.W.2d 639, 644 (Minn. Ct. App. 2004).

Dated:        November 17, 2008

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 4, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.